**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A CRIMINAL COMPLAINT**

I, Kevin Pared, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a Special Agent with Homeland Security Investigations and have been since March 2023. I am currently assigned to the Seaport-Border Enforcement Security Task Force (BEST) in San Juan, Puerto Rico. Prior to my appointment as a Homeland Security Investigations Special Agent, I was appointed in 2021 as a Border Patrol Agent with the United States Border Patrol. As a Homeland Security Investigations Special Agent, I have received formal and on the job training and I am authorized to investigate violations of laws of the United States and to execute and serve any order, subpoena, summons, warrant, or other process issued under the authority of the United States. I am familiar with the statutes of the United States Code, and as a federal law enforcement officer, I have participated in investigations, surveillance, interviews, interrogations, arrests, searches, seizures, administration of oaths, and in taking and considering evidence concerning the privilege of any person to enter, reenter, pass through, or reside in the United States. Based on my law enforcement experience detailed herein, as well as my training, and experience of other law enforcement officers who are participating in this investigation, serve as the basis for the conclusion set forth herein.

2. This affidavit is intended to show merely that there is sufficient probable cause for the requested criminal complaint and does not set forth all of my knowledge about this matter. I make this affidavit based on my own personal knowledge and on oral and written reports by other federal, state, and/or local law enforcement agents and officers that investigated this matter. This affidavit does not contain all the information derived from this investigation only that which is sufficient to demonstrate probable cause to believe that a crime has been committed.

3. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 8 U.S.C. §§ 1326 (a) and (b)(1) – *Reentry of removed alien subsequent to a felony conviction* has been committed by Wilinthon Antonio Pérez ("PEREZ").

## PROBABLE CAUSE

4. On January 22, 2025, Puerto Rico Police Bureau (PRPB) conducted a vehicle stop on a green Ford F-150, bearing Puerto Rico license plate 1120608, near 876 Avenida Luis Muñoz Rivera, San Juan, PR 00927. During the vehicle stop, Homeland Security Investigations (HSI) San Juan Seaport-Border Enforcement Security Task Force (BEST) Special Agents (SAs) performed an immigration examination on PEREZ and determined that PEREZ was an alien. Record checks further revealed that PEREZ was national and citizen of the Dominican Republic.

5. Subsequently, HSI SAs conducted an immigration inspection on PEREZ to determine his admissibility and it was determined that PEREZ was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document, and a valid unexpired passport, or other suitable document, or document of identity and nationality to be enter, pass through, or remain in the United States.  HSI SAs determined that PEREZ is inadmissible to the United States, and SAs arrested and transported PEREZ to HSI San Juan BEST offices for further processing.

6. As to PEREZ' immigration and criminal history, record checks revealed the following:

   a. On or about May 17, 2001, immigration officers arrested PEREZ as he was attempting to illegally enter the United States via boat at or around Aguadilla,

Puerto Rico. He was charged as an alien having entered the United States without inspection, was served with a Notice to Appear, and an order of removal was issued.

b. On July 31, 2001, he was physically removed from the United States to the Dominican Republic.

c. On or about July 29, 2006, at the Luis Muñoz Marín International Airport in Carolina, Puerto Rico, PEREZ claimed to be a U.S. citizen presenting a Puerto Rico driver's license (4518798) under the name of Daniel J. ROA-Rodriguez and a Puerto Rico birth certificate under the name of Daniel Julio ROA-Rodriguez (152-1983-01941-027446-000000-03209756.  Foil # D618308).

   i. U.S. Customs and Border Protection (CBP) examined the Puerto Rico driver's license and appeared to be counterfeit. CBP read PEREZ his Miranda rights and was questioned, PEREZ admitted he purchased the driver's license, birth certificate and a social security card (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) from a document vendor under the name of "Ricardo" in Paseo de Diego in Rio Piedras, PR.  "Ricardo" prepared the documents for PEREZ by putting PEREZ' photo in the counterfeit driver's license.  PEREZ admitted under oath that he gave two photos and $750 to "Ricardo" the first time they met and an additional $750 upon receiving the documents.

   ii. CBP served PEREZ with a Notice to Appear for Removal Proceedings. In addition, he was criminally prosecuted in criminal case number 06-264 (HL), charged with illegal reentry, in violation of 8 U.S.C. § 1326(a), and with impersonating a U.S. citizen, in violation of 18 U.S.C. § 911.

      iii. On or about October 13, 2006, PEREZ was convicted on both counts, and was sentenced to time served.

d. On or about November 27, 2006, an Immigration Judge issued an order of removal.

e. On or about December 8, 2006, PEREZ was removed from the United States to the Dominican Republic.

f. On or about May 4, 2012, U.S. Border Patrol (USBP) arrested PEREZ at or near Dorado, Puerto Rico for violations regarding possession of controlled substances aboard vessels and reentry of removed aliens. Also, PEREZ' final order of removal was reinstated.

      i. On the same day, a CBP aircraft detected a fiber glass type vessel traveling with lights out towards the coast of Dorado, Puerto Rico.

      ii. The CBP aircraft maintained constant surveillance of the vessel, and a Puerto Rico Police Department Maritime Unit (FURA) pursued the vessel until the vessel began dumping several bales overboard. FURA recovered six bales from the water.

      iii. The vessel continued towards the shoreline and made landfall near the Dorado public beach in Dorado, Puerto Rico.

      iv. USBP responded to the vessel landing and found a white and blue fiber glass vessel in the aforementioned area. USBP agents observed two subjects running away from the area where the vessel was found. USBP agents conducted an extensive search of the area which resulted in the apprehension of two subjects, including PEREZ.

      v. As a result of this 2012 intervention, PEREZ was criminal prosecuted in criminal case 12-516 (JAG), for illegal reentry of a removed alien subsequent to a felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(1). He pleaded guilty pursuant to a plea agreement, and on September 27, 2012, he was sentenced to time served. Thereafter, pursuant to a Reinstatement of a Prior Removal Order, on October 26, 2012, he was physically removed from the United States to the Dominican Republic.

7. Record checks also revealed that as of January 22, 2025, PEREZ had not submitted an application requesting permission to enter the United States (Form I-212) before the United States Citizenship and Immigration Services ("USCIS"). Thus, PEREZ has not obtained consent from the Secretary of Homeland Security to enter the United States, nor does he have any immigration documents allowing him to legally enter and/or remain in the United States.

8. On January 22, 2025, PEREZ, a national and citizen of the Dominican Republic, was found in the United States after been previously removed from the United States. PEREZ and was not admitted, inspected, or paroled into the United States by an immigration officer nor did PEREZ present himself at a designed port of entry for inspection.

[INTENTIONALLY LEFT BLANK]

**CONCLUSION**

9.      Based on the forgoing, and based upon my training, experience and participation in this and other investigations, I believe that sufficient probable cause exists to demonstrate that Wilinthon Antonio PEREZ reentered the United States after being removed and subsequent to a felony conviction, in violation of 8 U.S.C. §§ 1326(a) and (b)(1).

Respectfully submitted,

**KEVIN A PARED CUEVAS**
Digitally signed by KEVIN A PARED CUEVAS
Date: 2025.01.23 11:54:29 -04'00'

Kevin Pared
Special Agent
Homeland Security Investigations

Sworn pursuant to FRCP 4.1 on this 23rd day of January, 2025, at 12:49 pm.

Hon. Giselle López-Soler

**Giselle López-Soler**
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO